HEARD APRIL TERM, 1875.

## FLINN & HART vs. BROWN.

A "case in chancery" is triable by the Court, and although, under ₹ 277 of the Code, the Judge may submit the whole issue made by the pleadings, or any specific question of fact involved therein, to a jury, yet he does so only that he may be aided or enlightened by their verdict. He is not to be controlled thereby, and may even disregard it altogether, for the decree must be in conformity with his own conclusions of fact as well as law.

Where an issue not made by the pleadings is tried in the Circuit Court without objection, as if it had been so made, the respondent will not be allowed on the appeal to object on the ground that the issue was not contained in the pleadings.

An alteration, in a material part, of a deed of trust by the trustee, who holds for the benefit of others, does not avoid the deed.

BEFORE TOWNSEND, J., AT DARLINGTON, NOVEMBER, 1872.

This was an action by Henry K. W. Flinn, and Robert L. Hart as administrator of Ellen M. Brown, deceased, plaintiffs, against James M. Brown, Sr., and Joseph T. Brown, defendants, to set aside a deed of trust made by the intestate, Ellen M. Brown, on the 28th day of November, 1870, whereby she conveyed her personal property, consisting of bonds and stocks, to the defendant,

James M. Brown, Sr., in trust for the donor for life, and after death to the use of the defendant, Joseph T. Brown, infant son of the trustee. The grounds, as alleged in the complaint on which it was sought to have the deed vacated and set aside, were that the intestate was insane when it was executed, and that it was procured to be executed by the trustee by fraudulent means and undue influence. There was no allegation in the complaint that the deed had been altered after its execution. The answer denied the allegations of insanity, fraud and undue influence.

The deed, in consideration of one dollar, conveyed to "the said James M. Brown the choses in action and stocks following, as well as any other personal property not named," (followed by a long and particular description of the choses in action and stocks intended to be conveyed, "to have and to hold the said choses in action and stocks and other property not named, and every part thereof, unto the said James M. Brown, his executors, administrators and assigns, forever. In trust, nevertheless, to, for and upon the uses and trusts hereinafter expressed and declared of and concerning the same, that is to say, in trust to receive and pay over the interest, dividends, income and profits arising therefrom to the said Ellen L. Brown, for and during her natural life as the same shall accrue, or as she shall direct, and from and after the death of the said Ellen L. Brown, upon trust to transfer, assign and deliver, free from all trusts, the said choses in action and stocks, and every part thereof, to Joseph T. Brown, youngest son of the said James M. Brown, or his legal heirs, if he shall predecease the said Ellen L. Brown. And it shall and may be lawful for the said James M. Brown, trustee aforesaid, and he is hereby authorized, from time to time, and at all times hereafter, to sell, dispose of or exchange all or any part of the said choses in action and stocks, and the proceeds arising therefrom to invest in such other property, real or personal, as he, the said James M. Brown, trustee aforesaid, may deem most beneficial to the parties in interest."

The case was tried by a jury, to whom the whole issue involved in the cause was submitted. Much testimony was introduced on both sides, and James M. Brown, Sr., testified that the words "as well as any other personal property not named," and also the words "and other property not named," were inserted by him in the deed after its execution.

His Honor instructed the jury "that if the additions to the deed were made by James M. Brown, Sr., after its execution, under all the circumstances, it would render it void." To this instruction the defendants excepted.

The jury found a verdict as follows: "We find for the plaintiffs, and that the paper purporting to be a deed from Ellen L. Brown to James M. Brown, dated the 28th November, 1870, is void."

A motion for a new trial was made on the ground of error in the instruction to the jury. The motion was denied, and judgment ordered to be entered for the plaintiffs.

The defendants appealed.

*Spain, Edwards & Dargan*, for appellants.

*McIver & Boyd, Warley & Dargan*, contra.

June 26, 1875. The opinion of the Court was delivered by

Moses, C. J. Ellen L. Brown, a widow, departed this life without issue on the        day of April, 1871. On the 28th day of the preceding November she conveyed, by deed, certain named personal securities to James M. Brown, Sr., her father-in-law, in trust, to receive the dividends, income and profits thereof, and to pay the same to her during her natural life, and from and after her death to transfer, assign and deliver, free from all trusts, "the said *choses in action* and stocks to Joseph T. Brown, the youngest son of the said James M. Brown, Sr., or his legal heirs if he shall predecease her," with power to the said trustee at all times to dispose of or sell any of the said securities and invest the proceeds in such real and personal property as he may deem most beneficial to the parties in interest.

On the 29th April, 1871, Henry K. W. Flinn, a brother and distributee of the said Ellen L. Flinn, filed a complaint, in which, after asking the interposition of the Court for the protection of the property covered by the said deed, as well as any other belonging to the deceased in the hands of the said James M. Brown, Sr., he prayed that the said deed might be declared to be fraudulent, null and void. It presented two grounds upon which it claimed to avoid it:

1. That the said Ellen L. Flinn was of unsound mind at the time of its execution.

2. That it was executed by force of the undue influence of the said Brown, operating on a mind so weakened and affected by the excessive indulgence in spirituous liquors and anodynes as to be incapable of resisting it. On the 20th of May following, an answer was filed in due form by the said Brown, denying the material allegations of the complaint. On the 4th of August succeeding, the plaintiff amended his complaint by stating that R. L. Hart, on the 7th of June preceding, took out letters of administration on the estate of the said Ellen L. Flinn, and joined in the charges and prayer of the said complaint, a previous order having been passed to allow him to be made a party. An answer was also filed for and on behalf of the infant defendant, Joseph T. Brown. Thus stood the pleadings, when, after the usual notice, the parties proceeded to trial at the special term of the Common Pleas for Darlington, held in November, 1872.

The relief sought by the plaintiffs in their proceeding is through the equitable jurisdiction of the Court. It is of that character which can only be claimed in a Court of chancery, where such a Court exists as a separate and distinct organization from the Common Pleas. If the Constitution of 1868 had not conferred equity jurisdiction on the Court of Common Pleas, but had retained the Court of Chancery, with all the high and exclusive power of administration which had before attached to it, the plaintiffs could have had no remedy in any other jurisdiction. The subject matter of the suit, looking to the end it proposed and the character of the relief which it claimed on behalf of the plaintiffs, constituted it "a case in chancery," as distinguished from one at law, and its mode of trial must be in conformity with the rules and course of procedure prescribed for the trial of "cases in chancery."—See *Sullivan* vs. *Thomas*, 3 S. C., 547.

The issues made by the pleadings were triable by the Court, which, however, under Section 277 of the Code, had the power "to order the whole issue, or any specific question of fact involved therein, to be tried by a jury." By the decree it appears "that the case was submitted to a jury," and we are, therefore, to conclude that it was by the order and direction of the presiding Judge.

As the case was one in chancery, it was determinable by the Court, and the parties were entitled to its judgment, both on the questions of fact as well as of law involved in the issues. The verdict of the jury is not to be accepted as the conclusion which is

to govern and control the case, and through the medium of which the judgment is to be pronounced in favor of the one side or the other. The judgment in such a case must be the result of the conclusions of the Judge, both on the law and the facts. We must regard, then, the reference as only seeking the verdict of a jury to satisfy the conscience of the Court on the facts to which it was to apply the law. It was not to govern and control the rights of the parties. The presiding Judge was at liberty to conform his conclusion from the evidence to that which was to be inferred from the verdict as the result of the belief of the jury; still the issues were for his determination. It was within his power entirely to have disregarded the verdict and decreed in the face of it. But when he adopts it, not because it concurred with his own views of the testimony, but simply because it is the verdict of the jury, and must therefore control him, if he has erred in his instructions as to the law on a point made material by the effect which was given to it in his charge as an element necessary for the consideration of the jury, the verdict cannot be allowed to stand.

No objection appears to have been submitted on the part of the appellants as to the new issue allowed to be made by the introduction of evidence as to alterations and additions to the deed. If there had been no error in the charge of the jury in regard to the effect they were to have upon the deed, the appellants would have been without remedy in this Court. We are, therefore, to consider the issue in relation to them as if it had been made directly through the pleadings.

The words in the deed which did not appear to be in the hand-writing of the original draftsman, and which were the additions referred to, were, after the words "stocks following," "as well as my other personal property not named," and in the *habendum*, after "and stocks," these words: "and other property not named." The Judge charged, in regard to them, as follows: "If the additions to the deed were made by James M. Brown, Sr., after its execution, under all the circumstances, it would render it void." It will be remembered that it is a trust deed, of which the said Brown is the trustee, and the question involved, and the only one we propose to pass upon, is, whether additions by a trustee to a deed conveying property to him for the benefit of another, even with a contingent interest to him, avoids the deed *ab initio ?*

The deed was an executed contract, vesting a legal title in the trustee for those who were to enjoy the beneficial interest in the property which it conveyed. He holds for and on behalf of his *cestuis que trust*, and cannot, by his act, avoid the effect of the instrument through which alone he can claim and have possession of the subject matter of the trust. It would introduce a new principle into the Court of Equity, which has exclusive jurisdiction in the matter of trusts, and one for which no authority or precedent can be found, to affirm that the destruction by the trustee of the deed which creates the trust renders it void *ab initio*, and thereby revests the title to the property in the donor. If a mere addition by the trustee after the execution can avoid it, his cancellation or entire destruction by fire or otherwise would be of equivalent effect; and yet who would contend that by burning the deed the trustee extinguishes the trusts and the property reverts to the person who conveyed it? What he could not do by the most formal instrument he would thus be allowed to accomplish by his mere addition to the words of a deed made for the benefit of others, whose interests it was his duty to protect, not to destroy.

The familiar principle upon which equity sometimes proceeds to raise a constructive trust is here actually interposed to effect the destruction of an express trust.

Where an executor conceals or destroys a will, the legatee may compel him to answer for the interest which was bequeathed to him; or where a deed is destroyed and the contents proved, the party shall have the benefit of it.—Hill on Trustees, 151.

Here it is claimed that the wrong of the trustee of an express trust can defeat the interests of those for whose benefit the property was conveyed to him. The proposition is altogether inconsistent with the object intended to be accomplished by the deed and with the duty of the trustee, whose province it is to execute its expressed terms and conditions.

The conclusion which we have reached on the question directly raised as to the avoidance of this deed by the act charged against the trustee is not affected by the general rule applicable to an alteration of an instrument in a material part by a party to it. Brown is not a party to this deed in the proper sense of the rule. The beneficiary here was the donor for her lifetime, with remainder of the whole property to one then and still an infant. A party may lose all his interest by making an alteration in a deed with a

view to increase the benefit which he may take under it; but he cannot impair the rights to which others may be entitled by the force of its execution who had no connection with his tortious act.

Whatever contingent interest Brown may possibly have had during the lifetime of the said Ellen L. Brown is lost by her death, Joseph T. Brown surviving, and it is not necessary, therefore, to consider what he is to forfeit, or who is to be benefitted by the alterations in the deed charged to have been made by him.

The instruction to the jury was erroneous. It affirmed that the additions to the deed, if made by the said James M. Brown, Jr., after its execution, under all the circumstances, would render it void, and then the verdict of the jury, that it "was void," is accepted by the Court as equivalent to its never having been valid, never existing, and never conveying any title from the donor. How can we undertake to say that the verdict was not in direct response to the proposition of law involved in the charge as to the additions to the instrument?

The particular issue was submitted to the jury as a material one for their solution, and if there was error in law in the instruction in regard to it, the verdict should have no controlling influence on the judgment of the presiding Judge. That "the verdict should be regarded as a response to the allegations in the pleadings, and there is no allegation of any alteration," as contended for by one of the counsel for the respondents, would not be consistent with justice and right.

The respondents (the plaintiffs below) preferred the charge— insisted on it as avoiding the deed—and the Judge submitted it to the jury as a point in issue on which they were to pass, precisely as if made by the complaint and answer. To say now that it could not have entered into the verdict because not of the issues raised by the pleadings, would be to use it while it promised benefit and to discard it when it could not render more.

It is ordered that the judgment below be set aside and the case remanded to the Circuit Court for hearing.

*Wright,* A. J., and *Willard,* A. J., concurred.